**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**MARKO BYVALETS,**

                       **Plaintiff,**                   **MEMORANDUM AND ORDER**

       **-against-**
                                                           **16-CV-6785 (CBA)**

**NEW YORK CITY HOUSING AUTHORITY and**
**SHAJI CHERIAN,**

                       **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Despite the Court's recent, express warning to *pro se* plaintiff Marko Byvalets ("plaintiff") against filing repetitive, sequential discovery motions, see Minute Entry (Feb. 1, 2019) ("February 1st Ruling"), Electronic Case Filing ("ECF") Docket Entry ("DE") #66, plaintiff has persisted in that abusive tactic -- on Monday, he filed three separate discovery motions: the first, titled "Plaintiff Letter-request for Court Order," DE #67, challenges a portion of this Court's February 1st Ruling denying as moot plaintiff's motion to compel non-party NYCHA to produce subpoenaed records regarding phone calls made to and from two NYCHA business phones in 2015; the second such motion, also filed by plaintiff on February 4th and titled "Plaintiff Letter-Motion for Reconsideration of the Court Decision for denial of Subpoenas #1 and #3," DE #68, challenges aspects of a ruling issued in open court on January 23, 2019 ("January 23rd Ruling"), DE #61, which disposed of several similar motions to compel filed by plaintiff; and plaintiff's third motion filed on February 4th, titled "Plaintiff Letter-Motion for Court Order To Compel NYCHA for Production of [Records] requested by subpoenas #19, #20, #23, #25," DE #69, challenges NYCHA's responses to four of plaintiff's

multitude of subpoenas.

The Court rules as follows:

The first two of plaintiff's February 4th motions (Docket Entries #67 and #68), which seek to revisit portions of this Court's prior rulings, offer no valid grounds for reconsideration. In renewing his demand for certain business phone records, plaintiff objects that the Court's rejection of his previous motion was improperly based on "verbal statement of defense counsel about absence of stored [2015 phone] records and data," which he claims lacks "cred[i]bility and legal admissibility[.]" DE #67 at 1-2. The Court addressed and rejected this same argument during the February 1st telephonic hearing, explaining that counsel's statements were being made on the record, and were thus the functional equivalent of a written representation. Plaintiff's motion for reconsideration (DE #67) is therefore denied.

Plaintiff's second motion for reconsideration (DE #68), concerning Subpoenas #1 and #3, reargues the relevance of the subpoenaed records, and contends that those subpoenas are neither overbroad nor unduly burdensome, and do not call for privileged material. See DE #68 at 2-3. Plaintiff's argument totally misses the mark, in that he ignores the very basis for the Court's January 23rd Ruling: his motion to compel was denied as moot, because NYCHA had produced documents responsive to those subpoenas. See January 23rd Ruling at 2; see also Response in Opposition (Jan. 14, 2019) at 1, 2, DE #59. Plaintiff's motion for reconsideration of the January 23rd Ruling is likewise denied.

Finally, plaintiff for the first time seeks to compel production in response to Subpoenas #19, #20, #23 and #25 served on non-party NYCHA. See DE #69. In response to each of those four subpoenas, NYCHA expressly referred plaintiff to documents previously produced

by defendant Shaji Cherian, identifying those documents by Bates numbers.  See Non-Party NYCHA's Responses and Objections to Plaintiff's Second Set of Subpoenas to Produce Documents, DE #69 at 14-15, 17, 18.  In addition, in connection with Subpoenas #19 and #20, NYCHA requested that plaintiff provide the work order number associated with the referenced assignment, so that NYCHA could produce a copy of the completed work order.  See id. at 14, 15.  Plaintiff then demanded that NYCHA revise its responses, but ignored NYCHA's request for additional information.  See DE #69 at 23-25.  Plaintiff has not satisfied his obligation to confer in good faith to resolve these discovery disputes.  His latest motion is therefore denied.

**SO ORDERED.**

Dated: Brooklyn, New York
February 6, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**