**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**MARKO BYVALETS,**

                       **Plaintiff,**                    **MEMORANDUM**
                                                       **AND ORDER**
      **-against-**

                                                         **16-CV-6785 (CBA)**
**NEW YORK CITY HOUSING AUTHORITY**
**and SHAJI CHERIAN,**

                       **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of *pro se* plaintiff Marko Byvalets' response to the order to show cause issued on March 26, 2019, when plaintiff failed to appear for a court-ordered settlement conference, See Letter dated March 27, 2019 (Mar. 27, 2019) ("Pl. Letter"), Electronic Case Filing Docket Entry ("DE") #91; Minute Entry (Mar. 26, 2019) at 1, DE #89. Plaintiff does not deny that he received and was aware of the scheduling order of February 12, 2019 (the "February 12th Scheduling Order"), pursuant to which the Court granted, with plaintiff's consent, defense counsel's motion to adjourn the March 11th settlement conference and rescheduled the proceeding for 2:00 p.m. on March 26, 2019. See Order (Feb. 12, 2019). Apparently seeking to excuse his non-appearance on March 26, plaintiff notes that on March 6, 2019, at his request, the Court had reopened fact discovery until March 31, 2019. See Pl. Letter at 2; see Minute Entry (Mar. 6, 2019) (the "March 6th Ruling") at 2, DE #83-1. According to plaintiff, the March 6th Ruling, which did not adjourn or even mention the March 26th settlement conference, somehow superseded the February 12th Scheduling Order. See Pl. Letter at 2 ("full legal power belongs to the latest Court Order"). But nothing in the

March 6th ruling - which was issued in connection with a lengthy court proceeding – in any way modified the date for the settlement conference. Nor is there any basis for plaintiff's suggestion that a court may not conduct a settlement conference until after the completion of fact discovery. Had plaintiff harbored any confusion regarding the date of the settlement conference, he could and should have raised it with Court at the March 6th proceeding.

The Court will not impose sanctions on plaintiff at this time. Nevertheless, having interacted with plaintiff on numerous occasions, both in court proceedings and through his seemingly endless barrage of written submissions, the Court is unmoved by plaintiff's claim of purported naivete, and doubts that his non-appearance at the settlement conference was the result of an innocent mistake by a *pro se* plaintiff. Plaintiff is warned that the Court will not tolerate any further violations of court orders, and that any continued violation will be met with significant sanctions.

The case is sent for court-annexed mediation, as part of the Mediation Advocacy Program, with mediation to be completed in April 2019. <u>The deadlines set by this Court on March 26, 2019 remain in place.</u>

**SO ORDERED.**

**Dated:** Brooklyn, New York
March 28, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**