UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARKO BYVALETS,

                          **Plaintiff,**                          MEMORANDUM
                                                                      AND ORDER

    -against-

                                                                                16-CV-6785 (CBA)

NEW YORK CITY HOUSING AUTHORITY
and SHAJI CHERIAN,

                          **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      By letter-motion filed on March 27, 2019, defendant Shaji Cherian ("defendant") seeks leave of the Court to reopen the deposition of *pro se* plaintiff Marko Byvalets ("plaintiff"), in order to question him about his 2015 work notes, which plaintiff failed to disclose until ordered to do so by the Court, after he had already been deposed. See Letter Motion for Discovery (Mar. 27, 2019), Electronic Case Filing Docket Entry ("DE") #90; see also Minute Order (Mar. 6, 2019) ("3/6/19 Minute Order"), DE #83 (granting defendant's motion to compel, DE #75). Plaintiff opposes the motion, erroneously claiming that the application somehow violates this Court's Individual Rules. See Letter dated April 1, 2019 (Apr. 1, 2019) ("Pl. Opp.") at 1-2, DE #93. It does not.

      Plaintiff also complains that defendant's purpose in moving to reopen the deposition is to harass plaintiff and prolong these proceedings. See id. at 3. In fact, it is plaintiff who has delayed the progress of the case, by filing "repetitive, sequential discovery motions." See, e.g., Minute Entry and Order (Feb. 1, 2019) ("2/1/19 Minute Entry"), DE #66. Indeed, in his letter opposing defendant's motion, plaintiff seeks to reopen discovery in order to serve

defendant with a new set of demands for documents from 2015 relating to 51 NYCHA business phones. See Pl. Opp., Ex. A. Plaintiff's efforts to obtain a much smaller subset of these records from NYCHA have been the subject of numerous, repetitive applications, each of which has been denied by the Court. See, e.g., 2/1/19 Minute Entry (denying as moot motion to compel non-party NYCHA's compliance with the 21st and 22nd subpoenas that plaintiff served on it, based on defense counsel's representation that NYCHA had not retained the phone records sought); Memorandum and Order (Feb. 6, 2019) at 1-2, DE #70 (Court adheres to its February 1st ruling and rejects plaintiff's motion for reconsideration); see also 3/6/19 Minute Order at 1 (denying portion of DE #76 in which plaintiff moved to compel further response to 29th subpoena served by plaintiff NYCHA, seeking business records regarding NYCHA's document-retention policy for records of supervisors' business phones). Plaintiff's latest motion, which would have Cherian provide NYCHA's records, fares no better: his document demand dated April 1, 2019 – after discovery closed – is stricken and his application is denied as both repetitive and untimely.

As for defendant's motion to reopen the deposition of plaintiff, the Court concludes that defendant has shown good cause to reopen that deposition for the limited purpose of allowing defense counsel to examine plaintiff about the 2015 work notes that he failed to produce until ordered to do so by the Court. Defendant should not be constrained to accept plaintiff's statement that the work notes "are truthful" and that he "has no intention to correct, add or change" any of the facts recorded therein. See Pl. Opp. at 2. If plaintiff is inconvenienced by having to appear for a second deposition, that is a problem of his own making.

Plaintiff is directed to appear for his reopened deposition on a mutually convenient date

no later than April 12, 2019.  The court-ordered mediation is not stayed.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**April 2, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**